UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE D. GOODMAN

    Plaintiff,                              Case No. 08-CV-12228

v.                                      HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

### ORDER ACCEPTING REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Bruce Goodman's claim for judicial review of the denial of his September 10, 2004 application for disability benefits. The matter was referred to Magistrate Judge Donald Scheer, who issued an 8-page Report and Recommendation on December 9, 2008 recommending that defendant's motion for summary judgment be granted, and that plaintiff's motion for summary judgment be denied. Plaintiff filed timely objections on December 22, 2008.

### Background

Plaintiff's claim for disability benefits and supplemental security income benefits based on diabetes, obesity, sleep apnea, chronic renal disease and obstructive pulmonary disease was denied at Step Five following an

administrative hearing before ALJ Regina Sabrino.  A determination of ineligibility at step Five requires the Commissioner to show by substantial evidence that the claimant was able to perform specific jobs available in the economy.  See Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 238 (6th Cir. 2002).  ALJ Sabrino's decision rested on Vocational Expert ("VE") Roxanne Minkus' testimony that plaintiff could perform numerous unskilled surveillance monitor, telephone solicitor and information clerical jobs.  The VE also testified that if plaintiff required the use of a bathroom in excess of once per hour, or if he needed to lie down frequently, that it would be difficult to maintain employment.  ALJ Sabrino found plaintiff's claimed need to urinate frequently and to lie down frequently not fully credible and denied his claim for benefits.

In adjudicating the competing motions for summary judgment, Magistrate Judge Scheer addressed ALJ Sabrino's credibility assessment and notes that "substantial evidence exists on the record supporting the Commissioner's conclusion".  (R &R at 4).  Magistrate Judge Scheer concluded that plaintiff's claimed need to urinate frequently due to medication and nap frequently due to fatigue as a result of sleep apnea were supported by plaintiff's testimony, but not by other record evidence: (1)  treatment notes did not indicate that plaintiff had mentioned the need to urinate frequently to his doctors; (2) treating physician report indicated non-compliance with recommended treatment including therapy for breathing difficulties; (3) physician opinion that plaintiff's weight would not interfere with the ability to perform light work; and (4) plaintiff had not been hospitalized for any of his complaints.  Magistrate Judge Scheer thus

recommends granting defendant's motion for summary judgment based on VE Minkus' testimony that plaintiff would be able to perform specific jobs if, as ALJ Sabrino determined, plaintiff did not need to visit a bathroom more frequently than once an hour and his need to lie down during the day did not exceed the limited amount afforded by the employment specified.

### Objections and Analysis

Plaintiff Goodman objects that Magistrate Judge Scheer erred in affording special deference to the credibility findings of the ALJ.  ALJ Sabrino made determinations as to the credibility of plaintiff's claimed need to periodically nap during the day due to difficulty sleeping at night, and take frequent bathroom breaks without questioning the credibility of the plaintiff as to these specific claims.  "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

An individual may obtain review of any final decision made by the Commissioner of Social Security, after a hearing, by filing an action in federal district court.  See 42 U.S.C. §405(g).  The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. Id.  Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id.  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v.

Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).

## Credibility and 20 C.F.R. §404.1529

20 C.F.R. §404.1529(c)(4) sets forth the standard for determining the extent to which alleged symptoms limit the capacity to work:

> We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating or nontreating source or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

Plaintiff's objection is without merit because ALJ Sabrino and Magistrate Judge Scheer addressed the consideration and determination of credibility of plaintiff's assertions in light of his testimony and the evidence presented. Plaintiff testified that prescription Lasix, used to treat his kidney disease, had the effect of requiring plaintiff to urinate frequently. ALJ Sabrino noted that the medical records did not show that plaintiff had complained of this condition to a doctor. Further, the VE testified that the jobs identified could be performed even if plaintiff needed to use the bathroom once an hour.

Plaintiff's claimed need to nap frequently is founded only on his testimony and not supported by any extrinsic evidence. No doctor of record opined that plaintiff was required to lie down frequently during the day. The VE again testified that a limited need to lie down during the day was accommodated by the

4

identified jobs.

"An ALJ's determination is to be accorded great weight and deference." Walers v. Comm'r of Soc. Service, 127 F.3d at 531 (6th Cir. 1997). The evidence found in the medical records and testimony of the VE constitutes "substantial evidence" on which ALJ Sabrino could rely in denying plaintiff's claim for benefits. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir. 1987). Where substantial evidence supports the ALJ's decision, this court must affirm and "may not even inquire whether the record could support a decision the other way." Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989).

## Conclusion

Plaintiff's objections are hereby OVERRULED. The court hereby ACCEPTS Magistrate Judge Scheer's December 9, 2008 Report and Recommendation. Defendant Commissioner of Social Security's motion for summary judgment is hereby GRANTED. Plaintiff Bruce Goodman's motion for summary judgment is hereby DENIED. Plaintiff's claims are hereby DISMISSED.

SO ORDERED.

Dated: February 23, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

5

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 23, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk